### In re JOSEPHSON.

(District Court, S. D. Georgia, W. D. March 14, 1903.)

1. BANKRUPTCY—DECISION ADVERSE TO TRUSTEES—PETITION FOR REVIEW— COSTS.

Where the trustees of a bankrupt surrendered a life policy to him as valueless, and he or his wife paid the premiums thereon until his death, such trustees will not be authorized, on application of a majority of the creditors, to pay the costs of a petition to review a decision adjudging that the wife was entitled to proceeds of the policy.

F. C. Foster and George S. Jones, for trustees.

SPEER, District Judge. This is an application on the part of counsel representing what is stated to be a majority of the creditors of the late Simon Josephson, bankrupt. It seeks an order of court to authorize the trustees to pay the cost of a petition to be presented to the Circuit Court of Appeals to review a decision of this court. 121 Fed. 142. That decision, by which certain creditors esteem themselves aggrieved, will be found in the record, and is to the effect following: Where the trustees had surrendered to the bankrupt, as valueless, an ordinary policy of insurance on his life, and he or his wife had paid the premiums thereon for 15 months, at the expiration of which time he died, the wife, who is also executrix, was adjudged entitled to the proceeds of the policy. It appears that the sum of the costs necessary for the petition for review amounts to some $118.

This does not appear to be a case in which the trustees should be encouraged to protract a litigation which seems to the court as unfounded as it is oppressive. The insurance policies had been frankly scheduled by the bankrupt. In more than one appraisement made by these trustees they were treated as of no value whatever. If the matter had depended on the trustees, who paid no premiums, the policies would long ago have lapsed. They were delivered to the bankrupt, and the trustees paid no further attention to them until they had been made valuable as the result of Josephson's death. It is true that they testified before the referee that Josephson told them that the policies, while in his hands, had been permitted to lapse. This reminiscence had not been offered or suggested until the voice of the bankrupt had been silenced by death, and the court, for the reasons stated in the opinion, regarded this testimony, under the provisions of the present bankruptcy act, as incompetent.

The widow of the bankrupt has been in no sense litigous. Since the policies were payable to the legal representatives of Josephson, and since, at the time of his death and her appointment as executrix, they were found in her hands, placed there, as we have seen, by the voluntary action of the trustees, after Josephson had turned over the policies to them, prima facie the title to the proceeds was in her. She, however, readily consented that the insuring company should pay the fund into court, thus submitting herself to a jurisdiction which might welll have been contested. She might well have relied

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

upon her adverse claim. No matter how the case may eventuate, certainly costs cannot be assessed against her.

Nor can it be held, we think, that the insurance company, which also submitted itself to the jurisdiction, should be mulcted with any portion of the cost. This is true also of the creditors who do not join in this application. If the creditors have lost any valuable rights because of these transactions—which, however, we do not think to be the case—it can only be ascribable to the laches or mistaken judgment of these trustees. Since, also, coincident with the death of Josephson, these trustees have undergone a change of heart as to their duty, they should now advance at least the cost necessary to obtain a final determination. Should they prevail in their contention, it will doubtless be competent for the Circuit Court of Appeals or for this court to assess the costs against the assets of the estate.

For these reasons the application of the trustees to be allowed to pay the cost from the assets of the estate now in their hands is denied.